FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 27 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BATHEL A. CUPPLES                            PLAINTIFF

v.                 NO. 5:04CV00340 JMM/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff, Bathel A. Cupples, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a back injury and high blood pressure. (Tr. 89.) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through June 29, 2004, the date of his decision. (Tr. 21.) On September 4, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7.) Plaintiff then filed his complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 45 years old at the time of the hearing. (Tr. 331.) He completed the seventh grade in school in special education classes. Id. He has past relevant work as a grain operator, farmhand and tire truck operator. (Tr. 19, 74-79.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. He found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[2] (Tr. 20.) He found that Plaintiff had "severe" impairments, degenerative disc disease, obesity, hypertension and sleep apnea. (Tr. 15.)

---

[1] The Hon. Don R. Rebsamen.

[2] July 31, 2000. (Tr. 56, 89.)

He found that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 20.) He judged that Plaintiff's testimony was not totally credible or consistent with the record as a whole. Id.

The ALJ determined that Plaintiff retained the residual functional capacity for sedentary work. Id. Therefore, he found that Plaintiff was unable to perform any of his past relevant work. Id. The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 19.)

Based on the testimony of a vocational expert witness in response to a hypothetical question, and utilizing Rules 201.18 and 201.19, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 as a framework, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, weave defect charting clerk, table worker and press operator. (Tr. 21.) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ's credibility determination was improper. (Br. 10.) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 18-19.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;

3

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of prescription pain medication, his functional capabilities and the lack of greater restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See Thomas v. Sullivan, 928 F.2d 255, 259-60 (8th Cir. 1991); Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989).

Jim J. Moore, M.D., neurosurgeon, rated Plaintiff's disability as 5% permanent partial disability to the body as a whole. (Tr. 159.) He limited him to lifting not more than 50 pounds. Id. Plaintiff told Dr. Moore in September of 2001 that he was looking for work. (Tr. 156.) A record of contemplating work shows Plaintiff did not view his pain as disabling. Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995). An intention to work tends to prove that a plaintiff is able to work. Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994).

Anthony E. Russell, M.D., neurosurgeon, examined Plaintiff in September of 2000. (Tr. 134.) Plaintiff's essentially normal MRI was unchanged from one done two years before. Id. He saw nothing that warranted neurosurgical intervention, but encouraged Plaintiff to exercise and lose weight. Id.

P.B. Simpson, Jr., M.D., a treating neurosurgeon, saw Plaintiff January 4, 2001. (Tr. 176-77.) His office note states, in part:

> He has been seen by numerous physicians and really nothing has been found to be wrong.
>
> SLR is clinically negative to 90°. He has no motor deficit and no sensory deficit. Reflexes are symmetrical at +2 patellar and Achilles.
>
> PLAN/TREATMENT: I have gone over all of this with the patient. He apparently was given a 5% permanent impairment rating by Dr. Moore. I guess he based this on his pain, but as far as I am concerned he does not have any gross evidence [of] back problem of organic nature and in my estimation he has no evidence of any permanent impairment.

(Tr. 176.)

He allowed Plaintiff to return to work as a truck driver three days later with no permanent impairment. (Tr. 177.)

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Plaintiff contends that the hypothetical question to the vocational expert was defective in that it did not include any of his impairments. (Br. 11.) He argues that the hypothetical should have included his obesity, sleep apnea, bronchitis, the restrictions found by Dr. Moore and W. Lee Tracy, M.D. (Br. 12.)

A hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies. Pickney v. Chater, 96 F.3d 294, 297 (8th Cir. 1996). A fair reading of the ALJ's opinion indicates that he took Plaintiff's impairments that he found to be credible into account in reaching his residual functional capacity determination that he was capable of sedentary work. For instance, he discussed Plaintiff's obesity at some length. (Tr. 17.)

Significantly, Plaintiff did not claim disability based on obesity in his application for benefits or at the administrative hearing. Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).

More importantly, there is no evidence in the record that Plaintiff's obesity imposed

any limitations on his ability to work. Id.; see Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions). In addition, Plaintiff's obesity was a longstanding impairment, and he was capable of performing much greater exertional work despite his weight. See Box v. Shalala, 52 F.3d at 171 (claimant had 16 year work history despite weight).

The ALJ noted Dr. Moore's opinion and found that it was consistent with the ability to do at least sedentary work, with the exception of the restriction against prolonged sitting, which the ALJ found to be without medical basis. (Tr. 17.) He also noted Dr. Tracy's opinion that Plaintiff was unable to work. (Tr. 18.) He discounted that opinion for proper reasons. Id. Dr. Tracy's opinion that Plaintiff could not be gainfully employed (Tr. 202) is not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

SSR 96-5p, at 5.

The ALJ's hypothetical question was proper and the vocational expert's answers supplied substantial evidence that Plaintiff was capable of performing other work.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in

the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Magistrate Judge recommends that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 27th day of June, 2005.

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 302
LITTLE ROCK, ARKANSAS 72201-3325

JERRY W. CAVANEAU
UNITED STATES MAGISTRATE JUDGE

(501) 604-5200
FAX (501) 604-5207

June 27, 2005

Mr. David M. Hendrix
Attorney at Law
P.O. Box 34117
Little Rock, AR 72203-4117

Ms. Stacey Elise McCord
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203-1229

Re: Cupples v. Commissioner, SSA
    Case No. 5:04CV00340

Dear Counsel:

Enclosed for each of you is a copy of my findings and recommendation in the captioned case, a copy of which has been submitted to United States District Judge James M. Moody.

The parties may file specific written objections to the findings and recommendation and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk of Court no later than eleven days from the date of this letter, and a copy must be served on the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact. The district judge, even in the absence of objections, may reject the findings and recommendation in whole or in part.

Very truly yours,

Jerry Cavaneau

Enclosure
cc:   Honorable James M. Moody, United States District Judge
      File